## John H. Ford *v.* Jno. M. Rice, etc.

**Arbitration and Award—Judgment on Award.**

Under § 6, subsec. 3, ch. 3, R. S., relating to awards by arbitrators, judgment can not be rendered on an award, unless the provisions of the statute have been complied with.

**Judgment—By Confession.**

Where the parties to an action consented to submission of the controversy to arbitrators without an answer by defendant, the failure to answer did not entitle plaintiffs to a judgment by confession.

**Arbitration and Award—Failure to Answer—Overruling Exceptions to Award.**

Where the parties to a suit submitted the controversy to arbitrators without answer by defendant, an answer could avail defendant nothing, where his exceptions to the award are overruled, unless he attempted to impeach the award on some equitable ground.

APPEAL FROM BOYD CIRCUIT COURT.

January 31, 1873.

OPINION BY JUDGE LINDSAY:

The report of the arbitrators shows that a copy of their award was not delivered to appellant, and there is nothing in the record indicating a waiver of the right to require a copy thereof upon his part. Subsec. 3, Sec. 6, Chapter 3, Revised Statutes, provides that, "When the award is made out, one copy thereof shall be delivered to each of the contending parties and the original returned to the court, on which the arbitrators shall note the time of delivering a copy to each party."

Until this is done the court can not proceed to render judgment enforcing the finding of the arbitrators, unless the parties waive or have waived their right to insist that the statute shall be obeyed. Appellant's exception as to the failure of the arbitrators to observe this provision of the law should have been sustained and the award set aside.

The failure of appellant to answer did not entitle appellees to judgment by confession.

They consented to submit the controversy to arbitrators without an answer from him, and when his exceptions to the award were overruled an answer would have availed him nothing, unless he had attempted to impeach it upon some equitable ground. He may

not have been able to do this and he has a right still to answer and have the matters in litigation settled by the court.

Judgment reversed and cause remanded for further proceedings not inconsistent herewith.

*Dulin, James, for appellant.*

*Ireland, G. N. Brown, Jones, for appellee.*